UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE L. SMITH,

     Plaintiff,

v.                                    Case No. 3:15cv156/MCR/CJK

SERGEANT BERCH,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of plaintiff's complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections, currently confined at Union Correctional Institution. (Doc. 1). Plaintiff's complaint names one defendant, Sergeant Berch, a Transport Sergeant at Santa Rosa Correctional Institution. Plaintiff claims defendant Berch violated his rights under the Eighth Amendment on June 19, 2013, when Berch allegedly assaulted plaintiff for no penological purpose and attempted to choke him. As relief, plaintiff seeks

compensatory damages, immediate release from close management status and transfer to an institution near Jacksonville, Florida.  (Doc. 1).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  On page six of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  (Doc. 1, p. 6).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*).  Plaintiff disclosed eight cases – Case Number 6:14cv25/GAP/GJK, filed in the Middle District of Florida; Case Number 3:14cv173/LC/EMT, filed in this court; Case Number 3:13cv1480/HES/JRK, filed in the Middle District of Florida; Case Number 3:13cv1505, filed in the Middle District of Florida; Case Number 3:13cv1332, filed in the Middle District of Florida; Case Number 3:07cv1118, filed in the Middle District of Florida; Case Number 3:15cv274, filed in the Middle

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.  Plaintiff marked "Yes," but disclosed no cases.  (Doc. 1, p. 5).  Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action.  Plaintiff disclosed one case in response to Question (B) - Case Number 5:14cv127/MSS/PRL, filed in the Middle District of Florida.

District of Florida; and Case Number 5:15cv119, filed in the Middle District of Florida.  (Doc. 1, pp. 6 and continuation page).

Also on page six of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed."  (Doc. 1, p. 6).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes."  (*Id.*).  Plaintiff disclosed one case – Case Number 3:15cv97/LC/CJK, filed in this court – indicating that the case was dismissed in March of 2015, as malicious.  Case Number 3:15cv97/LC/CJK (docketed March 12, 2015) is a civil rights action plaintiff filed against defendant Berch raising claims identical to those here.  The undersigned issued a report and recommendation on March 23, 2015, recommending that the case be dismissed as malicious for plaintiff's abuse of the judicial process in failing to respond truthfully to questions on the complaint form concerning his prior litigation history.  That report and recommendation is pending, with no objections filed to date.  Plaintiff again references this previous suit against defendant Berch when he explains, on the first page of his present complaint:  "New Revised Complaint.  Had to re-do the complaint because plaintiff answered some questions wrong on his initial complaint, and he doesn[']t wish to contest its dismissal."  (Doc. 1, p. 1).

At the end of plaintiff's present civil rights complaint, plaintiff signed his name after the following statement:  "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**"  (Doc. 1, p. 8).  Thus,

plaintiff has, in effect, stated that at the time he filed his present complaint, he had not initiated any other action in federal court that related to the fact or manner of his incarceration, or that was dismissed as malicious. Plaintiff's complaint was signed and submitted to prison officials for mailing on April 1, 2015. (Doc. 1, p. 1).

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated one other action in this court that required disclosure: Case No. 3:14cv39/LC/CJK (docketed January 28, 2014), a civil rights action plaintiff initiated against six prison officials at Santa Rosa CI, claiming they violated his constitutional rights under the Eighth and Fourteenth Amendments in various ways, including depriving him of his personal property, using excessive force on him, convicting him of disciplinary infractions without sufficient evidence, depriving him of meals, etc. That case was dismissed on February 11, 2014, as malicious, for plaintiff's abuse of the judicial process in failing to respond truthfully

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

to questions on the complaint form concerning his litigation history. The case may be positively identified as having been filed by plaintiff, because it bears his Florida Department of Corrections' inmate number, DC #J00082. Plaintiff did not disclose this prior federal action despite the complaint form's clear instructions to disclose actions initiated in federal court "that relate to the fact or manner of your incarceration", and federal actions that were "dismissed as . . . malicious." (Doc. 1, p. 6).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3] (Doc. 1, p. 5). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate

---

[3] Plaintiff did not indicate he was unsure about his litigation history.

sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 9th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).